CLD-106                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2461
_____

ROBERT EARL NOBLE,
                                          Appellant

v.

UNITED STATES OF AMERICA; SCOTT W. BRADY, United States District
Attorney; MARSHALL J. PICCININI, Assistant United States Attorney; JASON
TRIANA, Erie Police Dep't. Narcotics Unit Detective; MICHAEL NOLAN, Erie Police
Dep't. Deputy Chief of Police; STEVE DELUCA, Erie Police Dept. Narcotics Unit
Officer; MICHAEL CHODUBSKI, Erie Police Dep't. Narcotics Unit Det.;
CONNIE DUGAN, United States Federal Probation Officer,
Individually and in their official capacities

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1:19-cv-00031)
Magistrate Judge:  Honorable Richard A. Lanzillo (by consent)
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 25, 2021

Before:  RESTREPO, MATEY and SCIRICA, Circuit Judges

(Opinion filed: April 1, 2021)

_____

OPINION[*]

_____

PER CURIAM

Robert Earl Noble appeals pro se from an order of the District Court that granted the defendants' motions to dismiss his civil rights action. Because the appeal presents no substantial question, we will grant the appellees' motions to summarily affirm the District Court's judgment.

I.

In February 2019, Noble filed a civil rights action in the United States District Court for the Western District of Pennsylvania, seeking damages pursuant to 42 U.S.C. § 1983, the Federal Tort Claims Act (FTCA), and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). His claims stemmed from his indictment, arrest, and prosecution on drug charges. He named as defendants four City of Erie police officers (the Police Defendants), as well as the United States, federal Probation Officer Connie Dugan, Assistant United States Attorney (AUSA) Marshall J. Piccinini, and United States Attorney Scott W. Brady (the Federal Defendants).

The Police Defendants filed a motion to dismiss, arguing that Noble's claims were duplicative of those that he had raised in a separate action that was filed in January 2018,

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

Noble v. The City of Erie, PA, W.D. Pa. Civ. No. 1:18-cv-00006.[1] (ECF 16 & 17.) The District Court granted those motions, explaining that "[i]n each case, Noble alleged that the Police Defendants violated his constitutional rights by falsely arresting him on November 30, 2016, and pursuing a fraudulent and malicious prosecution thereafter." (ECF 56.)

Meanwhile, the Federal Defendants filed a motion to dismiss (ECF 31 & 32), and later moved to strike an amended complaint that Noble had filed without seeking leave to amend or obtaining the defendants' consent (ECF 46). The District Court granted the motion to dismiss, holding that Noble's claims were barred by sovereign immunity, prosecutorial immunity, lack of personal involvement, and failure to adequately plead a conspiracy claim. (ECF 62.) The District Court denied leave to amend as futile and denied Noble's motion for reconsideration of the dismissal of the Police Defendants. (Id.) Noble appealed. (ECF 63.) The appellees have filed motions for summary action.[2] (Docs. 5; 7.) Noble opposes those motions. (Docs. 13; 17.)

---

[1] In October 2018, the District Court stayed that separate civil action pending the resolution of Noble's criminal proceedings. After the indictment was dismissed with prejudice on December 21, 2020, because of a Speedy Trial Act violation, the District Court reactivated the separate civil action against the Police Defendants. See Werner v. Werner, 267 F.3d 288, 295 (3d Cir. 2001) (explaining that an appellate court "may take judicial notice of filings or developments in related proceedings which take place after the judgment appealed from").

[2] The motion for summary action submitted by the federal appellees was filed before counsel had entered an appearance for two of those appellees. After counsel entered an appearance for those appellees, counsel filed a motion for those appellees to join the motion for summary action. (Docs. 24 & 25).

## II.

We have jurisdiction under 28 U.S.C. § 1291 and exercise de novo review over the District Court's order granting the defendants' motion to dismiss. Davis v. Samuels, 962 F.3d 105, 111 n.2 (3d Cir. 2020). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d Cir. 2010) (citations and internal quotation marks omitted). We accept all factual allegations in the complaint as true and construe those facts in the light most favorable to the plaintiff. See Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). Our review of the denial of leave to amend a complaint is for abuse of discretion. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). We may summarily affirm a District Court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

## III.

The District Court properly granted the Police Defendants' motions to dismiss. "As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000). It is clear that the underlying action is "truly duplicative" of the one that Noble filed in January 2018. Complaint of Bankers Tr. Co. v. Chatterjee, 636 F.2d 37, 40 (3d Cir. 1980). Both cases were brought against the four City of Erie police officers,

4

both alleged false arrest, false imprisonment, unreasonable search and seizure, and malicious prosecution, and both sought declaratory, injunctive, and monetary relief.[3] Thus, because the claims raised against the Police Defendants in the underlying action were duplicative of the claims raised in another pending action, the District Court correctly dismissed them. And the District Court properly denied Noble's motion for reconsideration of that decision because it did not cite an intervening change in the controlling law, the availability of new evidence that was not available, or the need to correct a clear error of law or fact or to prevent manifest injustice. See Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

IV.

The District Court also properly dismissed the claims against the Federal Defendants. In particular, sovereign immunity barred the constitutional claims that Noble brought against the Federal Defendants in their official capacities.[4] Absent a waiver,

_____

[3] Noble asserts that the January 2018 action pertained to his arrest and prosecution for a firearms offense, while the underlying action pertained to his arrest and prosecution for a drug offense. Appellant's Resp. to Police Defs.' Mot. for Summ. Action, ¶ 4 (Doc. 13.) This attempt to distinguish the complaints is unavailing. In both actions, Noble alleged constitutional violations arising from his arrest by the Police Defendants on November 30, 2016. The fact that the January 2018 complaint briefly noted that the charges included "firearms offenses" is not sufficient to undo the "truly duplicative" nature of the proceedings.

[4] Official capacity claims requesting prospective injunctive relief are not barred by sovereign immunity. See Ex parte Young, 209 U.S. 123 (1908); Armstrong v. Exceptional Child Ctr., Inc., 575 U.S. 320, 326-27 (2015) (noting that "federal courts may in some circumstances grant injunctive relief" under the Ex parte Young principle "not only with respect to violations of federal law by state officials, but also with respect to violations of

5

sovereign immunity shields federal employees sued in their official capacities. See Chinchello v. Fenton, 805 F.2d 126, 130 n.4 (3d Cir. 1986). The United States has not waived its sovereign immunity with respect to claims that its employees have committed constitutional torts.[5] See Castro v. United States, 34 F.3d 106, 110 (2d Cir. 1994).

In addition, prosecutorial immunity barred the clams brought against AUSA Piccinini. Noble alleged that Piccinini presented "perjured testimony" and used "false and fabricated and unlawfully obtained evidence" to obtain a search warrant, to convince the grand jury to indict, and to persuade the Magistrate Judge to deny bail. (ECF 3, ¶ 23-26.) Because these claims focus entirely on acts that are "intimately associated with the judicial phase of the criminal process," as is clear from the face of the complaint, AUSA Piccinini satisfied his "uniquely heavy" burden of demonstrating that he is entitled to immunity. See Fogle v. Sokol, 957 F.3d 148, 159-61 (3d Cir. 2020) (citations omitted).

Furthermore, we agree that Noble failed to allege that Brady, the United States Attorney, had any personal involvement in the alleged unconstitutional misconduct. See

---

federal law by federal officials"). But plaintiffs who wish to invoke the jurisdiction of the federal courts must show that they have sustained or are in immediate danger of sustaining some direct injury as the result of the challenged official conduct. See City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983). Noble cannot make this showing, particularly in light of the dismissal of the indictment. See Delaware River Joint Toll Bridge Comm'n v. Secretary Pa. Dep't of Labor and Indus., -- F.3d --, 2021 WL 97430, at*3 (3d Cir. Jan. 12, 2021) (stating that "[t]he legal fiction recognized in Ex parte Young is narrow in scope").

[5] Although the United States has waived immunity under the FTCA for certain types of torts, see CNA v. United States, 535 F.3d 132, 138 (3d Cir. 2008), Noble withdrew his FTCA claim against the United States, so that he could exhaust his administrative remedies (ECF 39), and the District Court did not consider that claim on the merits.

Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) (stating that respondeat superior cannot form the basis of a Bivens claim). Noble asserted that Brady "adopted and maintain[ed] unconstitutional customs, practices, and procedures in the Western District of Pennsylvania" with respect to "training, professionalism, and integrity in the area of investigating, indicting, detaining, and the prosecuting of individual suspects." (ECF 3, ¶ 20; 30.) But these vague and generalized claims do not establish a connection between Brady and the alleged constitutional violations. See Santiago, 629 F.3d at 130 ("Particularly after Iqbal, the connection between the supervisor's directions and the constitutional deprivation must be sufficient to demonstrate a plausible nexus or affirmative link between the directions and the specific deprivation of constitutional rights at issue.") (citation and internal quotation marks omitted).

The District Court also properly concluded that Noble failed to state a claim against Probation Officer Dugan. Noble alleged that Dugan, in collusion with AUSA Piccinini and one of the Erie police officers, fabricated information concerning his address. (ECF 3, ¶ 19; 28.) To properly plead an unconstitutional conspiracy, a plaintiff must allege specific facts addressing the time the agreement was made, the period of the conspiracy, the exact parties to the agreement, and the object of the conspiracy. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 178–79 (3d Cir. 2010). Although Noble referred to collusion, his conclusory allegations – even liberally construed in a light most favorable to him – were insufficient to suggest that a conspiratorial agreement existed between the defendants. See Bell Atl. v. Twombly, 550 U.S. 544, 555-57 (2007) (holding that

7

conclusory allegations that the defendants acted unlawfully were insufficient to state a claim).

## V.

Finally, we conclude that the District Court did not abuse its discretion in denying leave to amend the complaint. More than 21 days after the defendants filed their motions to dismiss, Noble filed an amended complaint. (ECF 45); Jang v. Boston Sci. Scimed, Inc., 729 F.3d 357, 367 (3d Cir. 2013) (noting that, under Federal Rules of Civil Procedure 15(a)(1) and 15(a)(2), a party seeking to file an amended complaint more than 21 days after service of a motion to dismiss may do so only with the opposing party's written consent or the court's leave). Noble's amended complaint presented no additional factual allegations with respect to Brady or Dugan. And although the amended complaint did include additional details about AUSA Piccinini's alleged presentation of false evidence, that information does not affect Piccinini's entitlement to immunity. To the contrary, the additional details – which focused on Piccinini's alleged presentation of known fabricated evidence to challenge Noble's request for a Franks hearing[6] – only reaffirmed that Piccinini was entitled to prosecutorial immunity. See Burns v. Reed, 500 U.S. 478, 487 (1991) (holding that prosecutor was absolutely immune for his actions appearing for the state in a probable cause hearing to obtain a search warrant).

---

[6] A Franks hearing is used to determine the validity of an affidavit submitted in support of a search warrant. See United States v. Pavulak, 700 F.3d 651, 665 (3d Cir. 2012).

Noble's amended complaint also sought to add a claim under the Racketeer Influenced and Corrupt Organizations Act. See 18 U.S.C. § 1962. In particular, he alleged that the Federal Defendants engaged in a "pattern[] … of obstructing justice, fraud, suborning false perjured testimony, [and] falsifying and tampering with documents, records, and evidence in a federal prosecution and/or official proceeding[.]" (ECF 43, ¶ 38.) These bare allegations, which failed to assert that each defendant knew that the predicate acts were part of a pattern of racketeering activity or to describe their role in the conspiracy, are insufficient to state a claim for relief under § 1962. See Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989).

## VI.

Because the appeal does not present a substantial question, we will grant the appellees' motions for summary action, and we will summarily affirm the order of the District Court.[7] See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

[7] Noble's "Motion for Case Update" is denied as moot. Appellees' Motion to Join Motion for Summary Affirmance is granted.